UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CYNTHIA DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-08-1984 |
| | § | |
| GHX, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court are Defendant GHX, Inc.'s ("GHX") motion for summary judgment (Doc. 34) and *pro se* Plaintiff Cynthia Davis's ("Davis") response (Doc. 35); Plaintiff Davis's motion for relief from judgment (Doc. 38); Defendant GHX's motion for summary judgment on Plaintiff's supplemental claims (Doc. 39) and Davis's response (Doc. 41); Plaintiff Davis's motion for summary judgment (Doc. 40) and Defendants GHX's and Houma Armature Works, Inc.'s ("Houma") responses (Docs. 43 and 46, respectively); and Defendant Houma's motion for summary judgment (Doc. 42). Upon review and consideration of these motions, the responses and replies thereto, and the relevant legal authority, the Court finds that summary judgment should be granted in favor of Defendants GHX and Houma.


I. Background and Relevant Facts

This is a race and sex discrimination in employment case. (Doc. 1 at 3.) Plaintiff Davis, a female African-American, worked for twelve years in the administrative office of Defendant GHX. (Doc. 1-1 at 1.) Defendant alleges employment discrimination based on sex, race, and color under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* Specifically, Davis contends that she was not promoted during her tenure at GHX while other

less qualified and less experienced white males and females and African-American males were promoted.  (*Id.*)  In addition to not being promoted and being denied a raise, Plaintiff alleges that she was denied certain perquisites, including, *inter alia*, a cell phone, fuel for company errands such as going out to get lunch for her supervisors, business cards, an electronic security gate card and code.  (*Id.* at 2.)  Davis states that during her thirteen years at GHX she did not have any unexcused absences nor had she ever been late to work.  (*Id.* at 4.)

Plaintiff Davis's employment was terminated by Defendant GHX on March 1, 2007.  (*Id.* at 5.)  Davis was told that she was being terminated because there was no longer enough work in the accounting department for two employees.  (*Id.*)  Davis further alleges that, unlike other similarly situated employees, she was not given a termination letter, severance pay, or her final paycheck.  (*Id.*)  In April 2007, Davis was rehired and promoted to the position of purchasing agent in the purchasing department.  (*Id.* at 3.)  Despite the rehiring and promotion, Davis was not given a raise.  (*Id.*)

In October 2007, Plaintiff Davis alleges that Defendant Houma contracted to manage or purchase Total Power Systems ("TPS") from Defendant GHX.  Plaintiff further alleges that Houma then transferred all GHX employees while continuing the racially discriminatory practices of GHX.  (*Id.* at 6.)  Plaintiff Davis was subsequently discharged by Houma on November 16, 2007.  (*Id.* at 6, 25.)

Davis filed a complaint with the Texas Workforce Commission Civil Rights Division against Defendant GHX on December 3, 2007 and subsequently filed a similar complaint against Defendant Houma on February 3, 2008.  She received her right to sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC") (*Id.* at 19–21) on May 29, 2008 and thereafter filed this suit *in forma pauperis* on June 16, 2008.  (*See* Doc. 1.)  Plaintiff requested actual and

liquidated damages in the amount of $74,880.00.  (Doc 1-1 at 1.)  Davis later supplemented her complaint, alleging violations of the Federal Trade Commission Act ("FTCA") and the Fair Credit Reporting Act ("FCRA"), the common law torts of invasion of privacy and defamation of character, and increased her damages calculation to $240,000.  (Doc 31.)  The Court previously denied Plaintiff's motion for default judgment against Defendant Total Power Systems ("TPS"), finding that TPS had not been properly served.  (*See* Docs. 27–29.)


## II.  Legal Standards

### A.  Summary Judgment

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).  Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim

or defense to warrant judgment in his favor.  *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 323–24.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).  Instead, the nonmoving party must produce evidence upon which a jury could reasonably base a verdict in its favor.  *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).  To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial."  W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence.  *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992).  Nor are pleadings summary judgment evidence.  *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075).  The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions.  *Salas v.*

*Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990).  Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment.  *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party.  *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988).  The nonmoving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue.  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).

*Pro se* litigants' court submissions are construed liberally and held to less stringent standards than submissions of lawyers.  *Boag v. MacDougall*, 454 U.S. 364 (1982); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)); *Haines v. Kerner*, 404 U.S. 519 (1972).  Courts provide *pro se* parties wide latitude when construing their pleadings and papers, and use common sense to determine what relief the party desires.  *S.E.C. v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992).

B.  Race and Gender Discrimination Claims under Title VII

It is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or

otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Davis brings race and sex discrimination claims based on circumstantial evidence. These claims are subject to the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316 (5th Cir. 2004). Under this framework, the initial burden lies with the plaintiff to plead a *prima facie* case of employment discrimination. *Davis*, 383 F.3d at 316. To establish a *prima facie* case, the plaintiff must show the following: (1) she was a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by someone outside the protected class, or similarly-situated employees outside the protected class were more favorably treated. *See Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001) (citing *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999); *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 184 (5th Cir. 1999); *Davin v. Delta Air Lines, Inc.*, 678 F.2d 567, 570 (5th Cir. 1982)).

If the plaintiff establishes a *prima facie* case of discrimination, a presumption of discrimination arises, and the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its employment action. *See Price v. Federal Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) (citing *McDonnell Douglas*, 411 U.S. at 802). The defendant's burden is satisfied if it produces evidence that "*taken as true*, would *permit* the conclusion that there was a nondiscriminatory reason for the adverse action." *Id.* (citing *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509 (1993)) (emphasis in original).

If the defendant articulates a reason that can support a finding that its actions were

nondiscriminatory, "the mandatory inference of discrimination created by the plaintiff's prima facie case drops out." *Id.* (citing *Hicks*, 509 U.S. at 510-511).  The plaintiff must then introduce evidence creating a jury question as to whether the defendant was motivated by discriminatory animus.  The plaintiff meets this burden by showing either that (1) defendant's articulated reason was pretextual (pretext alternative), or (2) plaintiff's protected characteristic was a motivating factor in the decision (mixed motives alternative).  *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (citing *Rishel v. Nationwide Mut. Ins. Co.*, 297 F. Supp. 2d 854, 865 (M.D.N.C. 2003)).

Although the intermediate evidentiary burdens shift back and forth, the "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 143 (2000) (quoting *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).  In determining whether summary judgment is appropriate, the court considers the strength of the plaintiff's *prima facie* case, the probative value of proof that the employer's explanation is false, and any other evidence that supports the employer's case and that may properly be considered for summary judgment.  *Id.* at 148–49.


C.  Reconsideration

Although Plaintiff fails to expressly invoke the provision governing motions for reconsideration and relief from a prior judgment, such motions are generally cognizable under either Federal Rule of Civil Procedure 59(e), as motions "to alter or amend judgment," or under Rule 60(b), as motions for "relief from judgment." *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir. 1990).  "Under which Rule the motion falls turns on the time at

which the motion is served.  If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)."  *Id.* (citing *Harcon Barge Co. v. D & G Boat Rentals*, 784 F.2d 665, 667 (5th Cir.1986) (*en banc*)). Because Plaintiff brought her motion for relief from judgment more than ten days from entry of the prior order (Doc. 29), reconsideration can only be given within the stricter limitations of Rule 60(b).[1]  To do otherwise would be an abuse of discretion.  *Id.*

Under Rule 60(b), in order to prevail, Plaintiff must demonstrate she is entitled to relief from the judgment due to: "(1) mistake, inadvertence, surprise, or excusasble neglect; (2) newly discovered evidence . . .; (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . .; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  The district court enjoys considerable discretion when determining whether the movant has satisfied these standards.  *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

III.  Discussion

Plaintiff Davis is a female African American and therefore indisputably a member of two protected classes.  Her thirteen years with GHX strongly suggests that she was a valued and well-qualified employee.  Davis was clearly discharged by Houma on November 16, 2007.  (Doc 1-1 at 25.)  In addition, Davis alleges other adverse employment actions such as denial of her request for a raise. However, Davis is unable to point to any evidence showing she was replaced by someone outside her protected classes, or that similar-situated employees outside those protected classes were treated more favorably, and therefore is unable to establish a *prima facie* case of race and/or sex discrimination.  Davis does not allege that someone outside of her

---

[1] Had Plaintiff brought her motion within ten days of entry of judgment, review would be subject to the more lenient Rule 59(e) standard, whereby plaintiffs need only demonstrate a "manifest error of law" to obtain reconsideration. *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).

protected class replaced her.  Further, Davis acknowledges that during and after her employment at GHX and Houma, other females and other African Americans were hired, fired, promoted, and given raises.  (Doc. 1-1 at 1–3)  Even construing *pro se* Plaintiff Davis's filings liberally, her allegations of discrimination are simply legal conclusions without supporting facts.  (*See* Doc. 1-1 at 3, 6)  Thus, as a matter of law, Davis fails to show that other similarly-situated employees outside of her protected classes were treated more favorably.

Davis's supplemental claims have no merit as a matter of law.  The FTCA does not recognize a private right of action.  *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986 (D.C. Cir 1973).  Davis's FCRA claim fails because there is no evidence indicating that the Defendants are consumer reporting agencies within the meaning of the statute, or that the Defendants did anything improper with any credit report.  Davis's defamation claim fails because there is no evidence that the Defendants published defamatory statements about her.  Davis's invasion of privacy claim fails because she can have no reasonable expectation of privacy regarding her criminal history and because Texas does not recognize the tort of false light invasion of privacy. *See Fraternal Order of Police v. City of Philadelphia*, 812 F.2d 105 (3d Cir. 1987); *Cain v. Hearst*, 878 S.W.2d 577, 580–83 (Tex. 1994).

Finally, Plaintiff Davis argues for relief from the Court's prior order (Doc. 29) denying her motion for default judgment against Defendant TPS (Doc. 27) under Fed. R. Civ. P. 60(b)(3) "fraud, misrepresentation, or misconduct by an opposing party."  (Doc. 38.)  In her motion, Davis argues that Defendant Houma's response (Doc. 28) to her motion for default judgment against TPS was improper because TPS had never entered an appearance.  (*Id.* at 1.)  Houma's response, however, simply informed the Court that Houma believes it purchased TPS and therefore TPS no longer exists as an independent entity.  (Doc. 29 at 1–2.)  In any event, the

Court's order denying Davis's motion was based on the fact that TPS had not been properly served and therefore had no duty to answer or otherwise defend the suit.  (Doc. 29 at 1.)  Plaintiff Davis has therefore not met the requirements for relief from the Court's prior order set forth by Fed. R. Civ. P. 60(b).

IV.  Conclusion

Accordingly, the Court hereby **ORDERS** that Defendant GHX, Inc.'s motion for summary judgment (Doc. 34) is **GRANTED**;

Plaintiff Cynthia Davis's motion for relief from judgment (Doc. 38) is **DENIED**;

Defendant GHX, Inc.'s motion for summary judgment on Plaintiff's supplemental claims (Doc. 39) is **GRANTED**;

Plaintiff Cynthia Davis's motion for summary judgment (Doc. 40) is **DENIED**; and

Defendant Houma Armature Works, Inc.'s motion for summary judgment (Doc. 42) is **GRANTED**.

SIGNED at Houston, Texas, this 8th day of March, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE